IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Grant WALDO, Attorney at Law.

Supreme Court

*No. 84–2293–D. Filed November 22, 1985.*
(Also reported in 376 N.W.2d 582.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney Grant Waldo to practice law in Wisconsin be suspended for 60 days for his neglect of a legal matter and for his failure to cooperate with the investigation of the Board of Attorneys Professional Responsibility (Board) into

that matter. The referee also recommended that Attorney Waldo be required to pay the costs of the proceeding. We agree with the referee that a 60-day suspension of Attorney Waldo's license to practice law is appropriate discipline.

Attorney Waldo was admitted to practice law in Wisconsin in 1962 and practices in Milwaukee. He was publicly reprimanded by the Board of State Bar Commissioners in 1977 for neglect of legal matters and for failure to cooperate with that Board's investigation. The referee in this proceeding is the Honorable John A. Fiorenza, Reserve Judge.

The parties entered into a stipulation of facts by which it was admitted that Attorney Waldo commenced a divorce action on behalf of a client in January, 1978, the final hearing of which was held in July of that year. Following the hearing, Attorney Waldo had the responsibility to prepare and file with the court written findings of fact, conclusions of law and a divorce judgment. Despite numerous requests from his client's former spouse, who had not been represented by counsel in the divorce action, as well as from the district professional responsibility committee, Attorney Waldo failed to file those findings, conclusions and judgment until April 13, 1983. The referee concluded this constituted neglect of a legal matter, in violation of SCR 20.32(3).

Further, after his client's former spouse filed a grievance with the Board concerning this matter, Attorney Waldo failed to respond to two letters from the Board demanding a written response to the grievance. The referee concluded that Attorney Waldo thereby violated SCR 21.03(4) and 22.07.

In making his recommendation for a 60-day suspension of Attorney Waldo's license to practice law, the referee noted testimony concerning difficulties Attorney Waldo had experienced with his health, as well as with

the deteriorating medical condition of his wife. Attorney Waldo had testified in this proceeding that those difficulties made his timely completion of the divorce papers difficult, but not impossible.

We accept the referee's findings of fact and conclusions of law, and we agree that a 60-day suspension of Attorney Waldo's license to practice law is appropriate discipline under the circumstances. It is also appropriate that Attorney Waldo be required to pay the costs of this proceeding.

IT IS ORDERED that the license of Attorney Grant Waldo is suspended for 60 days, commencing January 1, 1986.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Grant Waldo pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Waldo of his inability to pay the costs within the time specified, the license of Attorney Grant Waldo to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Attorney Grant Waldo comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.